# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DANIEL PLATA, et al.,<br><br>Defendant(s). | Case No. 2:20-CR-32 JCM (EJY)<br><br>ORDER |

Presently before the court is the United States of America's ("the government") motion for review of magistrate judge release or detention order. (ECF Nos. 7; 12).[1] Defendant Daniel Plata filed a response (ECF No. 25), to which defendant Jonathan Pavon joined (ECF No. 26) and the government replied (ECF No. 27).

**I.      Background**

The government has charged defendants with three criminal counts: (1) conspiracy; (2) destruction of government property; and (3) unauthorized damage, alteration, or defacement of archaeological resources. (ECF No. 1). The grand jury indicted defendants on all three counts. *Id.*

Plata and Pavon (collectively "defendants") appeared for their respective initial arraignment on March 6, 2020, before Magistrate Judge Carla Baldwin. (ECF Nos. 10; 11). Magistrate Judge Baldwin released both defendants on personal recognizance bonds with conditions. (ECF Nos. 10; 11; 17; 22). The government now requests an additional condition be

---

[1] The government filed the instant motion twice. The parties have treated the latter-filed version as the operative motion. (*See* ECF No. 25 (responding to ECF No. 12)).

**James C. Mahan**
**U.S. District Judge**

added prohibiting defendants from cohabitating or speaking about the instant case. (ECF No. 12).

**II.   Legal Standard**

District courts have jurisdiction to review magistrate judge release orders. 18 U.S.C. § 3145(a). "Any party seeking review of a release or detention order by a district judge must, within 14 days from the date of service of the release or detention order, file and serve a motion for review." LR IB 3-5.

"The district judge must conduct a *de novo* review, and it may, but need not, hold an evidentiary hearing to make this determination." LR IB 3-5; *see also United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990). The court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Koenig*, 912 F.2d at 1193.

18 U.S.C. § 3142(g) provides a list of factors a court must consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." Those factors are as follows:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial,

**James C. Mahan**
**U.S. District Judge**

- 2 -

>sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)–(4).

### III.   Discussion

Here, the government does not argue that defendants pose a danger to the community per se. (ECF No. 12). Instead, the government contends that "[a]llowing the [d]efendants to live together significantly increases the likelihood they will conspire again, this time to orchestrate an alibi or cover story for their conduct." *Id.* at 3. Plata responds by noting that he "is fully compliant with the terms of his supervision" and that he "is taking the current charges very seriously . . . ." (ECF No. 25 at 3). Plata also represents that "requiring [him] to move would create an enormous financial hardship," such that he would be unable to pay his living expenses if forced to live alone. *Id.*

As an initial matter, the government explains the evidence against both defendants that led to the instant indictment: they vandalized buildings with their own monikers; they were caught in possession of over 100 cans of spray paint, they were covered in paint when they encountered law enforcement, and they posted their actions on Instagram. (ECF No. 12 at 1–2). Nonetheless, the government is concerned that defendants will have an opportunity to orchestrate an alibi if they are allowed to cohabitate. *Id.* at 3.

The court concludes that the current conditions of pretrial release are sufficient to ameliorate the government's concerns. Defendants are expressly prohibited from committing another crime, both by the terms of their pretrial release and by operation of law. This prohibition would include further destruction or defacement of property and would also prohibit defendants from perjuring themselves. The court does not believe that ousting either defendant in the midst of a global pandemic is necessary to prevent the possibility of them presenting an "orchestrated alibi," particularly in light of the evidence the government presents.

James C. Mahan
U.S. District Judge

- 3 -

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion for review of magistrate judge release or detention order (ECF Nos. 7; 12) be, and the same hereby is, DENIED.

DATED April 27, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -